# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>NOE SALAZAR,<br><br>                              Defendant. | Case No.: 13-cr-03933-DMS<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

Pending before the Court is Defendant Noe Salazar's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, the Court denies Defendant's motion.

## I.
## BACKGROUND

On May 6, 2014, Defendant pleaded guilty to conspiracy to import controlled substances, in violation of 21 U.S.C. §§ 952, 960 and 963. (ECF Nos. 95, 97, 98, 102, 103–104.) The Court sentenced Defendant to 120 months in custody, to be followed by 5 years of supervised release. (ECF Nos. 129–130.) On October 15, 2021, Defendant, proceeding *pro se*, filed the instant motion for reduction of sentence. (ECF No. 216.) The government filed an opposition on November 3, 2021. (ECF No. 219.) Defendant did not file a reply. The matter is fully briefed and submitted.

## II.

## DISCUSSION

Defendant argues the Court should reduce his sentence pursuant to 18 U.S.C. §§ 3582(c)(2) and 3624(c)(2). (ECF No. 216.) In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (citing 18 U.S.C. § 3582(c)). One such statutory exception to this general rule allows a court to "reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" where a defendant "has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission*." 18 U.S.C. § 3582(c)(2) (emphasis added). A defendant seeking such a sentence reduction must satisfy two conditions: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered post-sentencing by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).

Here, Defendant fails to satisfy the first criterion. Defendant cites 18 U.S.C. § 3624(c)(2) as the basis of his motion. (ECF No. 216 at 2.) Section 3624(c)(2) gives the Bureau of Prisons the authority to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." In 2018, Congress amended that statute by adding the following: "The Bureau of Prisons shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph." First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5238 (2018); *see also* 18 U.S.C. § 3624(c)(2). Defendant argues that he is entitled to a 6-month sentence reduction because, while he would otherwise be entitled to home confinement under the amendment to Section 3624(c)(2), his

status as "a deportable alien" prevents the Bureau of Prisons from placing him on home confinement. (ECF No. 216 at 1–2.) Defendant requests that the Court order his release to the custody of Immigration and Customs Enforcement upon the date he would otherwise be eligible for home confinement. (*Id.* at 2.) However, the above-described 2018 amendment to Section 3624(c)(2) does not constitute "a sentencing range that has subsequently been lowered by the Sentencing Commission" as required for a sentencing reduction under Section 3582(c)(2). Nor does Defendant direct the Court to any relevant changes to the sentencing guidelines that would allow the Court to grant relief under Section 3582(c)(2). Still further, as Defendant recognized in his plea agreement, (ECF No. 103 at 11:1–3), Defendant's 120-month custodial term is the statutorily prescribed mandatory minimum sentence for the offense to which he pleaded guilty. *See* 21 U.S.C. § 960(b). Therefore, even if the Sentencing Commission were to lower the sentencing range for Defendant's offense, that change would not affect the duration of Defendant's sentence. Accordingly, Defendant's motion is denied.

## III.
## CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for reduction of sentence is denied.

**IT IS SO ORDERED.**

Dated: November 19, 2021

Hon. Dana M. Sabraw
United States Chief District Judge